In re Edward L. CASON, Debtor.

Bankruptcy No. 96-00337.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

April 22, 1997.

Lisa Cohen, Gainesville, FL, for Florida Credit Union.

Tom Copeland, Alachua, FL, for Debtor.

Mark Freund, Tallahassee, FL, Chapter 7 Trustee.

## ORDER ON OBJECTIONS TO EXEMPTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter was heard on the objections to debtor's claim of exemption brought by the trustee and the Florida Credit Union. A hearing was held on March 6, 1997. For the reasons set forth below, the objections will be overruled and the exemption allowed.

The debtor claimed as exempt his interest in his ex-wife's State of Florida retirement fund ("retirement fund"). The debtor and his ex-wife were divorced on August 31, 1992. On July 11, 1994, the circuit court entered its Order On All Remaining Issues which awarded the debtor one-half of his former wife's State of Florida retirement benefits accrued to her during the marriage. The court purportedly reserved jurisdiction to enter a Qualified Domestic Relations Order ("QDRO") directing that the debtor's share of the retirement fund be paid directly to him.[1] No QDRO had been entered as of October 12, 1996, the date the debtor filed his chapter 7 petition.

---

1. A "qualified domestic relations order" means a domestic relations order—(I) which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, and ... [which meets other specific requirements]. 29 U.S.C. § 1056(d)(3)(B).

Initially, the debtor claimed the retirement fund was exempt based on Florida Statute 222.21(2)(b):

Any [ERISA-qualified] plan or arrangement described in paragraph (a) is not exempt for the claims of an alternate payee under a qualified domestic relations order. However, the interest of any alternate payee under a qualified domestic relations order is exempt from all claims of any creditor, other than the Department of Health and Rehabilitative Services, of the alternate payee.

Fla.Stat. Ch. 222.21(2)(b) (1995). Prior to the hearing, the debtor amended his schedules and asserted that in addition to the above statute, the Florida Retirement System Act ("the Act") exempts his interest in the retirement fund:

The benefits accrued to any person under the provisions of this chapter and the accumulated contributions, securities, or other investments in the trust funds hereby created ... shall not be subject to assignment, execution, or attachment or to any legal process whatsoever.

Fla.Stat. ch. 121.131 (1995). The parties stipulated that the ex-wife's share of the retirement fund is exempt from the claims of her creditor's under this statute, but the trustee and creditor claim that the debtor's interests in the retirement fund are protected by the statute.

The Act defines numerous terms, including "officer or employee," "member," and "joint annuitant or dependent beneficiary." Fla. Stat. ch. 121.021 (1995). In adopting § 121.131, the exemption provision, the legislature did not use any of the defined terms. The legislature could have used a defined term to limit the interests that were protected. Instead, the statute protects "person" to whom benefits have accrued.

■ "Any person" necessarily includes those persons defined as a member, officer or employee. It may also encompass any other person not included in those definitions but who is entitled to accrued benefits under the Act. Here, the debtor is a person with accrued benefits under the Florida Retirement System by virtue of the Order of the circuit court. The plain language of section 121.131 protects his interest in the retirement fund from any legal process whatsoever. This statute is sufficient to exempt from the bankruptcy estate the debtor's interest in the State-sponsored retirement fund.

■ The original objections to the exemptions claim under § 222.21 Fla.Stat. were meritorious. That statute is limited to ERISA qualified pension plans and entry of a QDRO is a prerequisite to the exemption of the interests of an alternate payee. Government sponsored plans, such as that involved here are, however, specifically exempt from ERISA regulations. 29 U.S.C. § 1003(b)(1) (1990). However, in determining the breadth of protection afforded under § 121.131, it is useful to look at the scheme provided in § 221.21(2)(b) since the two systems have many parallels.

As originally enacted, both ERISA and the Act required that all qualified plans prohibit assignment or alienation of benefits, respectively. *Board of Pension Trustees of the City General Employees Pension Plan v. Vizcaino*, 635 So.2d 1012, 1014 (Fla. 1st DCA 1994); Fla.Stat. ch. 121.131 (1995). ERISA was amended in 1984 by making an exception to the assignment prohibition through the entry of a QDRO. *Vizcaino*, 635 So.2d at 1014. Likewise, in 1988, Florida law was amended to provide that all retirement funds accruing during marriage constitute marital property and to provide for the equitable distribution of such funds in dissolution of marriage proceedings. Fla.Stat. ch. 61.076 (1995). Thus, both schemes make an exception to the prohibition against assignment when done pursuant to a division of marital property.

If this were an ERISA-qualified plan and a QDRO had been entered, the debtor's share of benefits would clearly be exempt. Fla. Stat. ch. 222.21(2)(b) (1995). Since this is not an ERISA-qualified plan, the entry of a QDRO to enforce a property settlement is unavailable, and unnecessary. *See Vizcaino*, 635 So.2d at 1015 (A QDRO cannot be used to force direct payment of benefits from a non-ERISA qualified plan to achieve an equitable distribution of the parties' marital assets). Although a QDRO is unavailable, the

debtor's share of the retirement proceeds from this fund is exempt property just as it would have been pursuant to a QDRO with an ERISA qualified fund.

Accordingly, it is hereby ORDERED that the trustee's and the Florida Credit Union's objections to the debtor's claim of exemption of the debtor's share in his former wife's pension plan are overruled and the exemption is allowed.